NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MATTHEW PETONIAK, PETITIONER, v. ANDREW McLEAN COMPANY, RESPONDENT.

For the petitioner, *Irving L. Werksman.*

For the respondent, *Clarence B. Tippett.*

The petitioner herein testified, in brief, to an alleged occurrence on July 27th, 1927; that while lifting or carrying a heavy roll of cotton, which was his regular work and which he had been doing for some years, he felt suddenly "warm" in his eye; that he claimed he reported to his foreman, telling him and Mr. Werling, in charge of the first-aid, that he was "all red in the eye." He gave no history of anything striking his eye or getting into his eye, merely alleging that this came upon him suddenly while doing his work.

A Mr. Banks, foreman, recalled an incident of the man stating his eye was much inflamed, but he received no history of any accident or of anything striking or injuring the eye. A Mr. McCaffrey testified that he recalled the man's eye looking red, but he knew of no accident or injury. Likewise, a witness, Stoben, knew of no accident or injury.

Mr. Werling, supervisor in charge of first-aid, recalled Petoniak coming to him with an eye inflamed and looking bloodshot; he washed out his eye, received no history of injury or of anything having struck him or gotten into his eye, and suggested he go to see Dr. Chase, which he understood the man did.

Throughout the petitioner's testimony and that of Mr. Werling, the respondent questioned the witnesses with respect to history of petitioner having been troubled previous to July 27th, 1927, with some condition in this eye, and it disclosed that apparently the petitioner had been troubled with some condition before July 27th, 1927.

Upon the continuance of this case at Hackensack, July 12th, 1928, Dr. Chase was called by petitioner, who described his examination which he made on July 28th, 1927, finding the left eye much inflamed, describing an iritis with hemorrhages in the retina. He subsequently diagnosed the development of a glaucoma. He obtained a history that while this man was lifting a roll a day or two before, that he felt pain in

the eye and it became red. The patient had also told him that his left eye had been inflamed for one week or at least some days before he saw him. He could not state whether or not any one alleged strain or act of lifting might or did cause a breaking of blood vessels; nor could he say whether or not it was due to a series of hard labors over a period of time, which might have been the cause for this condition.

. Dr. Hughes also testified to an examination made on January 9th, 1928, at the instance of respondent, and he disassociated any causal connection between the alleged act of lifting and the condition with which the man was suffering.

Without further comment upon the testimony, after hearing the entire evidence presented and the objections raised against an award by the respondent, I am satisfied that the petitioner failed to establish an accidental injury within the requirements of the statute and with the requisite proof necessary to merit an award; that there is lacking competent proof that this condition was the result of an accident while working for the employer on the date in question; and with the further fact that there was evidence that this man's eye had been troubling him previous to this date.

\* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*